122 F.3d 1069
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Andrew G. BARANYI, Plaintiff-Appellant,
v.
KINETICS TECHNOLOGY INTERNATIONAL CORPORATION, Defendant-Appellee.
 No. 95-56718.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 5, 1997.
Decided Sept. 12, 1997.
 
 1
 Appeal from the United States District Court for the Central District of California Alicemarie H. Stotler, District Judge, Presiding Pasadena, California.
 
 
 2
 Before: BROWNING and KLEINFELD, Circuit Judges, and MERHIGE,** Senior District Judge.
 
 
 3
 MEMORANDUM*
 
 I.
 
 4
 Andrew Baranyi met his burden of establishing the elements of a prima facie claim of discrimination in violation of the Age Discrimination in Employment Act ("ADEA") with respect to his termination in August 1993, see Wallis v. J.R. Simplot Co., 26 F.3d 885, 891 (9th Cir.1994), citing Rose v. Wells Fargo & Co., 902 F.2d 1417, 1421 (9th Cir.1990):(1) Baranyi was a member of the class protected by the ADEA; (2) Baranyi had performed his job in a satisfactory manner, receiving a performance review rating of "good" and a salary increase in November 1992 as well as a bonus for "extra efforts" in December 1992; (3) Baranyi was discharged; and (4) Baranyi was replaced by Norm Laino, 13 years younger and without Baranyi's thirty years of checking experience.
 
 
 5
 Kinetics Technology International Corporation ("KTI") alleges that Laino possessed a level of checking skills superior to Baranyi's. However, although generally an element of the cause of action, proof of equal or superior skill is not required when, as here, the discharge allegedly resulted from a general reduction in the work force due to business conditions, and the discharged employee shows that his employer "had some continuing need for his skills and services in that his various duties were still being performed." Rose at 1421 (citations omitted). Here, Laino took over the same project Baranyi was working on prior to his August 1993 termination.
 
 
 6
 The evidence was sufficient to establish a prima facie case of discrimination, and the burden shifted to KTI to show Baranyi was terminated for a legitimate, nondiscriminatory reason. Wallis at 889. KTI explained that an economic downturn required KTI to terminate one employee, and Baranyi was selected because he was the least qualified checker and had shown little improvement.
 
 
 7
 The burden then shifted to Baranyi to demonstrate that the nondiscriminatory reason asserted by KTI for the August 1993 termination was pretextual. Id. To survive summary judgment, Baranyi "must produce enough evidence to allow a reasonable factfinder to conclude ... that the alleged reason for [the plaintiff's] discharge was false." Nidds v. Schindler Elevator Corp., 113 F.3d 912, 198 (9th Cir.1997). We affirmed summary judgment in Nidds because the claimant "failed to adduce any evidence that calls into question the veracity of [his employer's] explanation." Id. In contrast, Baranyi's response undercut every part of KTI's proferred explanation. KTI explained that an economic downturn required it to reduce its piping department by one person, however, to accomplish this reduction, KTI laid off Baranyi and a temporary employee and hired Baranyi's younger replacement, instead of simply laying off the temporary employee. KTI explained that Baranyi's replacement possessed computer skills Baranyi did not have; however, Baranyi's replacement testified that he had never performed any computer work, and no one at KTI ever mentioned to him that he might be called upon to perform such work. KTI explained that Baranyi was the least qualified employee in his department; however, no documentary evidence was offered that Baranyi's performance was less than satisfactory prior to his August 1993 termination, and Baranyi offered evidence that he made fewer mistakes than his co-workers on the Amoco project, even though Rick Riggio, the employer responsible for firing Baranyi, stated he had based his opinion that Baranyi was the least qualified checker "largely" on the Amoco project.
 
 
 8
 On this record, there was a triable issue of fact as to whether KTI's explanation of Baranyi's August 1993 termination was pretextual, and it was error to grant summary judgment.
 
 II
 
 9
 Baranyi also met his burden of establishing the elements of a prima facie claim of retaliatory discharge with respect to Baranyi's termination in October 1994 following his re-employment in March 1994, see Yartzoff v. Thomas, 809 F.2d 1371, 1375 (9th Cir.1987):(1) Baranyi was engaged in the protected activity of filing age discrimination charges with the California Department of Fair Employment and Housing ("DFEH") and the federal Equal Employment Opportunity Commission ("EEOC"); (2) Baranyi was terminated for a second time thereafter; and (3) a causal link between Baranyi's protected activity and KTI's adverse action can be inferred from the proximity in time between the protected action and the allegedly retaliatory discharge decision. Id. at 1376.
 
 
 10
 KTI knew DFEH sent a "right to sue" letter to Baranyi on February 27, 1994, and the EEOC sent such a letter on March 18, 1994. KTI contacted Baranyi in mid-March regarding re-employment, and Baranyi was rehired effective March 28, 1994. The KTI employees who rehired and thereafter supervised Baranyi were aware of his age discrimination claims. Within one month after being rehired, Baranyi was told for the first time that he had made checking errors. Baranyi filed his lawsuit in June 1994. In October 1994, he was fired for the second time.
 
 
 11
 This was sufficient to establish a prima facie case of retaliatory discharge. The burden shifted to KTI to show that the second discharge was based on legitimate, nondiscriminatory reasons. Wallis at 889. KTI relied upon Paranyi's high error rate, concededly a sufficient nondiscriminatory reason for the discharge, and the burden shifted to Baranyi to establish pretext.
 
 
 12
 Baranyi offered evidence that the two errors on which KTI based his April 1994 warning were within acceptable industry standards. He also offered evidence that KTI instituted the use of second checkers instead of spot checkers and performed an audit summary of all project checkers at the Shell Martinez project after Baranyi was rehired; the Shell Martinez manager testified "I wasn't fully aware of what was going ahead, but I assume it was because of this lawsuit."
 
 
 13
 Baranyi also offered evidence that the error rate attributed to him in the audit summary was twice Baranyi's actual error rate, and the rates attributed to his co-workers were significantly underestimated. KTI's argument that errors committed by other employees is irrelevant is inconsistent with KTI's assertion that Baranyi was terminated because of his high error rate.
 
 
 14
 On this record, there was a triable issue of fact as to whether KTI's explanation was pretextual, and it was error to grant summary judgment.
 
 III.
 
 15
 Both parties rest their arguments regarding the dismissal of Baranyi's state causes of action for wrongful termination and retaliatory discharge in violation of public policy upon the validity of the order granting summary judgment on Baranyi's causes of action for discrimination and retaliatory discharge in violation of the ADEA. In view of the precise upon which the parties have presented this case, the state claims are also reinstated.
 
 
 16
 REVERSED.
 
 
 
 **
 Honorable Robert R. Merhige Senior United States District Judge for the Eastern District of Virginia, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3